**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUL 25 2008

Clerk, U.S. District and
Bankruptcy Courts

ARMAND E. SABITONI, ROCCO )
DAVIS, VERE O. HAYNES, VINCENT )
MASINO, DENNIS MARTIRE, PAUL )
FAYAD, NOEL C. BORCK, GINO )
DECONTI, JOHN D. O'REILLY III )
and SUSAN BEAL, as Trustees )
of the Laborers' National Health )
and Welfare Fund, )
c/o Zenith Administrators, Inc. )
5565 Sterret Place, Suite 210 )
Columbia, Maryland 21044, ) CIVIL
)
           Plaintiffs, )
)
vs. )
)
HOSPITAL KLEAN OF TEXAS, INC. )
15303 Tradesman )
San Antonio, Texas 78249-1311, )
)
           Defendant. )

Case: 1:08-cv-01277
Assigned To : Urbina, Ricardo M.
Assign. Date : 7/25/2008
Description: Labor-ERISA

## COMPLAINT

**NOW COME** Plaintiffs, by and through their undersigned attorney, and for their causes of action against Defendant, complain and allege as follows:

### NATURE OF THE ACTION AND JURISDICTION

1.    This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (ERISA), 29 U.S.C. §§1132(a)(3) and 1145, by the Trustees of an employee health benefit plan to secure performance by a company of specific obligations to pay contributions to the benefit funds on behalf of the company's employees, to pay interest on delinquent

-2-

contributions, to pay collection costs, and to submit contribution reports.

2. Jurisdiction is conferred on this court under the following statutes:

(a) ERISA Sections 502(e)(1), (f), 29 U.S.C. §§1132(e)(1), (f);

(b) 28 U.S.C. §1331 (federal question); and

(c) 29 U.S.C. §1337 (civil action arising under act of Congress regulating commerce).

3. Venue properly lies in this District pursuant to ERISA Section 502(e), 29 U.S.C. §1132(e).

4. As for personal jurisdiction, ERISA Section 502(e), 29 U.S.C. §1132(e), Defendants may be served in any federal district in which it / he resides or may be found so as to subject Defendants to the personal jurisdiction of this Court.

**IDENTIFICATION OF THE PARTIES**

5. Plaintiffs Armand E. Sabitoni, Rocco Davis, Vere O. Haynes, Vincent Masino, Dennis Martire, Paul Fayad, Noel C. Borck, Gino DeConti, John D. O'Reilly III, and Susan Beal are Trustees of the Laborers' National Health and Welfare Fund (the "Health Fund"), and as such are fiduciaries with respect to the Health Fund within the meaning of ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A). They bring this action in their fiduciary capacities on behalf of and for the exclusive benefit of the Health Fund and the employees it covers (participants). The Board of Trustees is vested by the Health Fund's Agreement and Declaration of Trust with full discretionary authority and responsibility to govern and administer the Health Fund.

6. The Health Fund is a joint labor-management trust fund established and

-3-

maintained for the exclusive purpose of providing health care, life and disability insurance, and related benefits to eligible employees (and their families) on whose behalf employers contribute to the Health Fund pursuant to collective bargaining agreements with the Laborers' International Union of North America (LIUNA) or with LIUNA-affiliated Local Unions or District Councils. The Health Fund was established and is maintained pursuant to an Agreement and Declaration of Trust and various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. §186(c)(5)). The Health Fund is an employee welfare benefit plan and an employee benefit plan within the meaning of ERISA Sections 3(2) and (3) and 502(d)(1) (29 U.S.C. §§ 1002 (2) and (3) and 1132(d)(1)), and is a multiemployer plan within the meaning of ERISA Sections 3(37) and 515 (29 U.S.C. §§1002(37) and 1145). As such, the Health Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) (29 U.S.C. § 1132(d)(1)).

7.     Defendant Hospital Klean of Texas, Inc. ("Hospital Klean"), based on Plaintiffs' information and belief, is a for-profit business corporation whose business activities include providing custodial, janitorial and housekeeping services for the U.S. Department of Defense, the U.S. Air Force, and other Federal Government agencies at various sites around the United States. Hospital Klean's headquarters office is located at 15303 Tradesman, San Antonio, Texas 78249-1311.

**FACTS**

8.     Hospital Klean has been party to a series of collective bargaining

-4-

agreements with LIUNA and LIUNA affiliates covering employees employed at various job sites including the following Air Force bases: Wright Patterson AFB, Keesler AFB, Sheppard AFB, Ellsworth AFB, Atlus AFB, Vandenburg AFB, Nellis AFB, Goodfellow AFB, Offutt AFB, McConnell AFB, Dyess AFB, and Little Rock AFB. Those collective bargaining agreements required Hospital Klean to make contributions to the Health Fund at a specified rate for each hour for which an employee covered by the bargaining agreement was paid by Hospital Klean. Such contributions were required to pay for the health and welfare benefits coverage of the employees and their families provided by the Health Fund. Hospital Klean received payments from the Federal Government, under the terms of its contracts with the U.S. Department of Defense or Air Force, to pay the required contributions to the Health Fund to provide benefit coverage for the employees working under the federal contracts.

9. The collective bargaining agreements further required Hosptial Klean to submit its contributions and a monthly contributions report to the Health Fund on a monthly basis; specifically by the twentieth (20th) day of the month immediately following the month during which the hours were worked and the contributions were earned. In other words, the contributions and contribution reports for a month were due by the 20th day of the immediately following month. Contributions not paid by the due date are considered in default.

10. The collective bargaining agreements also bound Hospital Klean to the Health Fund's Agreement and Declaration of Trust (Trust Agreement), in compliance

-5-

with Taft-Hartley Act Section 302(c)(5). With regard to defaulted contributions, the Health Fund's Trust Agreement (Article VI, Section 6.04) provides, in pertinent part, as follows:

> "DEFAULT IN PAYMENT: ... In addition to any other remedies to which the Fund or the Board is entitled, any Employer which fails to pay contributions or other payments owed shall be liable to the Fund for interest at the rate of one-and-one-half percent (1 ½%) per month compounded from the due date through the date of payment, as well as for all expenses of collection incurred by the Fund, including attorneys' fees and court costs. The Board is empowered to institute proceedings in law or equity, and to take any other action, to collect Contributions and all other payments due. If legal proceedings are initiated against an Employer in default, the Employer shall also be liable to the Fund for liquidated damages in an amount equal to twenty percent (20%) of the Contributions past due."

This interest rate is set at a relatively high rate to encourage employers to make timely contribution payments and discourage defaults. If an employer fails to make the required contributions when due, it is in effect taking a loan from the Health Fund without the Health Fund's consent. In addition, a defaulting employer deprives the Health Fund of the ability to earn investment income on the contributions; income that is needed to fund the benefits provided by the Health Fund and its administrative expenses. Further, a defaulting employer endangers the medical, disability and life insurance benefits coverage of its employees and their families because employees and families lose eligibility for coverage if their employer fails to pay contributions after a certain period.

11. Hospital Klean repeatedly failed to pay contributions and submit monthly contribution reports to the Health Fund when due and, under the terms of the

-6-

Trust Agreement, accrued interest charges for the delinquent contributions. As of April 2008, those accrued interest charges totaled $148,711.90, as follows (by job site):

| Location | Interest |
| --- | --- |
| Wright Patterson AFB | $90,880.22 |
| Keesler AFB | $29,363.53 |
| Sheppard AFB | $12,109.06 |
| Ellsworth AFB | $6,284.36 |
| Altus AFB | $4,182.85 |
| Vandenburg AFB | $1,892.42 |
| Nellis AFB | $1,625.34 |
| Goodfellow AFB | $108.33 |
| Offutt AFB | $990.14 |
| McConnell AFB | $488.44 |
| Dyess AFB | $376.79 |
| Little Rock AFB | $410.42 |
| Total............................$148,711.90 | |

Hospital Klean has accrued additional interest charges since April 2008 and will continue to accrue additional charges until it pays the accrued interest charges, as provided by the Trust Agreement.

12. The Health Fund has repeatedly demanded verbally and in writing that Hospital Klean pay its accrued interest charges, and has even made proposals to

Hospital Klean to compromise the amount of interest in exchange for prompt payment. Hospital Klean has ignored all such demands, and continues to refuse to pay its accrued interest charges.

## CAUSE OF ACTION

13. ERISA Section 502(a)(3), 29 U.S.C. §1132(a)(3), authorizes a cause of action by plan fiduciaries to enforce the terms of their benefit plan's documents and obligations thereunder. The Health Fund's Trust Agreement is a plan document of the Health Fund and its terms are enforceable under ERISA section 502(a)(3).

14. ERISA Section 515, 29 U.S.C. §1145, imposes a statutory requirement on Hospital Klean to make contributions to the Health Fund in accordance with the terms of the Health Fund's Trust Agreement.

15. By failing to submit contributions and monthly contribution reports to the Health Fund when due, Hospital Klean has violated the Health Plan's Trust Agreement and ERISA Section 515, as well as its collective bargaining agreements.

16. By failing to pay its accrued interest charges to the Health Fund, Hospital Klean has violated the Health Plan's Trust Agreement and ERISA Section 515, as well as its collective bargaining agreements.

17. Pursuant to ERISA Sections 502(a)(3), 515 and 502(g)(2), the Health Fund is entitled to recover from Hospital Klean the accrued interest charges and the Health Fund's reasonable attorneys' fees.

-8-

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand that judgment be entered for them, on behalf of the Health Fund, and against the Defendant for the following relief:

1. the amount of One Hundred Forty-Eight Thousand Seven Hundred Eleven Dollars and Ninety Cents ($148,711.90), the interest charges accrued through April 2008;

2. the additional amount of interest accrued from May 1, 2008 through the date of entry of judgment calculated at the rate of one-and-one-half percent (1 ½%) per month compounded from the due date through the date of payment;

3. the amount of Fifteen Thousand Dollars ($15,000.00) as attorney's fees, and such additional attorney's fees that the Health Fund incurs with regard to this action;

4. an Order permanently enjoining Hospital Klean to henceforth submit to the Health Fund all contributions, interest charges, and monthly contribution reports no later than their due date, that is, by the 20th day of the month immediately following the month in which these obligations accrued;

5. post-judgment interest and the costs of this action; and

6. such other and further relief as the Court deems just and proper.

Dated: July 25, 2008.

-9-

Respectfully submitted,

*James S. Ray* (signature)

James S. Ray (DC Bar No. 26508)
Law Offices of James S. Ray
706 Duke Street
Alexandria, Virginia 22314
Tel.: 703-836-8111
Fax: 703-836-1888
E-Mail: jrayraylaw@aol.com

Counsel for Plaintiffs

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
ARMAND E. SABITONI, ROCCO DAVIS, VERE O. HAYNES, VINCENT MASINO, DENNIS MARTIRE, PAUL FAYAD, NOEL C. BORCK, GINO DECONTI, JOHN D. O'REILLY III, & SUSAN BEAL

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

JAMES S. RAY
LAW OFFICE OF JAMES S. RAY
706 DUKE STREET
ALEXANDRIA, VA 22314
(703) 836-8111

## DEFENDANTS
HOSPITAL KLEAN OF TEXAS INC.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-01277
Assigned To : Urbina, Ricardo M.
Assign. Date : 7/25/2008
Description: Labor-ERISA

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊗ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
ERISA, 29 USC Sec. 1132: collection of delinquent employer contributions to employee health trust fund

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 175,000.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 7/25/08   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.