UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARMAND E. SABITONI, ROCCO DAVIS, ) <br> VERE O. HAYNES, VINCENT MASINO, ) <br> DENNIS MARTIRE, PAUL FAYAD, NOEL C. ) <br> BORCK, GINO DECONTI, JOHN D. ) <br> O'REILLY III, and SUSAN BEAL, as ) <br> Trustees of the Laborers' National Health ) <br> And Welfare Fund, c/o ) <br> Zenith Administrators, Inc. ) <br> 5565 Sterret Place, Suite 210, ) <br> Columbia, Maryland 21044 ) <br>                 Plaintiffs, ) <br> ) <br> HOSPITAL KLEAN OF TEXAS, INC. ) <br> 15303 Tradesman, ) <br> San Antonio, Texas 78249-1311 ) <br> ) <br>                 Defendant. ) | CIVIL ACTION <br> CASE NO.  1:08-cv-01277 RMU |

## DEFENDANT'S ORIGINAL ANSWER

NOW COMES Defendant, Hospital Klean of Texas Inc., a Texas Corporation, by and through its undersigned attorneys, answers the Original Complaint of Plaintiff and states as follows:

      1.    Defendant Hospital Klean admits the allegations set forth in Paragraph 1 of the Complaint, only in that the Complaint so alleges.

      2.    Defendant Hospital Klean neither admits nor denies the allegations set forth paragraph 2 of the Complaint as they are conclusions of law of which no answer is required.

  3. Defendant Hospital Klean neither admits nor denies the allegations set forth paragraph 3 of the Complaint as they are conclusions of law of which no answer is required.

  4. Defendant Hospital Klean neither admits nor denies the allegations set forth paragraph 4 of the Complaint as they are conclusions of law of which no answer is required.

  5. After diligent inquiry, the Defendant Hospital Klean is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 5 of the Complaint and, for that reason, Defendant Hospital Klean denies the allegations in the first sentence of Paragraph 5 of the Complaint and demands strict proof thereof.  After diligent inquiry, the Defendant Hospital Klean is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 5 of the Complaint and, for that reason, Defendant Hospital Klean denies the allegations in the first sentence of Paragraph 5 of the Complaint and demands strict proof thereof.  After diligent inquiry, the Defendant Hospital Klean is without sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 5 of the Complaint and, for that reason, Defendant Hospital Klean denies the allegations in the first sentence of Paragraph 5 of the Complaint and demands strict proof thereof.

  6. After diligent inquiry, the Defendant Hospital Klean is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 6 of the Complaint and, for that

reason, Defendant Hospital Klean denies the allegations in the first sentence of Paragraph 6 of the Complaint and demand strict proof thereof.  After diligent inquiry, the Defendant Hospital Klean is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 6 of the Complaint and, for that reason, Defendant Hospital Klean denies the allegations in the second sentence of Paragraph 6 of the Complaint and demand strict proof thereof.  Defendant Hospital Klean neither admits nor denies the allegations set forth in the third sentence of paragraph 6 of the Complaint as they are conclusions of law of which no answer is required.  Defendant Hospital Klean neither admits nor denies the allegations set forth in the fourth sentence of paragraph 6 of the Complaint as they are conclusions of law of which no answer is required.

7.     Defendant Hospital Klean admits the allegations set forth in the first sentence of paragraph 7.  Defendant Hospital Klean admits the allegations set forth in the second sentence of paragraph 7.

8.     Defendant Hospital Klean admits the allegations set forth in the first sentence of paragraph 8.  Defendant Hospital Klean admits the allegations set forth in the second sentence of paragraph 8.  Defendant Hospital Klean admits the allegations set forth in the third sentence of paragraph 8.  Defendant Hospital Klean admits the allegations set forth in the fourth sentence of paragraph 8.

9.     Defendant Hospital Klean denies the allegations set forth in the first sentence of paragraph 9, in so far as there was an agreement between the parties allowing the payments to be made after the 20th day of the month.

Defendant Hospital Klean denies the allegations set forth in the second sentence of paragraph 9, in so far as there was an agreement between the parties allowing the payments to be made after the 20th day of the month.  Defendant Hospital Klean denies the allegations set forth in the third sentence of paragraph 9.

 10. Defendant Hospital Klean neither admits nor denies the allegations set forth in the first sentence of paragraph 10 of the Complaint as they are conclusions of law of which no answer is required.  Defendant Hospital Klean admits the allegations set forth in the second sentence of paragraph 10.  After diligent inquiry, the Defendant Hospital Klean is without sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 10 of the Complaint and, for that reason, Defendant Hospital Klean denies the allegations in the third sentence of Paragraph 10 of the Complaint and demand strict proof thereof.  Defendant Hospital Klean denies the allegations set forth in the fourth sentence of paragraph 10.  Defendant Hospital Klean denies the allegations set forth in the fifth sentence of paragraph 10.  Defendant Hospital Klean denies the allegations set forth in the sixth sentence of paragraph 10.

 11. Defendant Hospital Klean denies the allegations set forth in the first sentence of paragraph 11, specifically with regard to the amounts listed therein.  Defendant Hospital Klean denies the allegations set forth in the second sentence of paragraph 11.  Defendant Hospital Klean denies the allegations set forth in the third sentence of paragraph 11.

 12. Defendant Hospital Klean admits the allegations set forth in paragraph 12 to the extent that a letter was sent, but denies the allegation that

Defendant spoke with Plaintiff's attorney. Defendant Hospital Klean denies the allegations set forth in the second sentence of paragraph 12.

13.    Defendant Hospital Klean neither admits nor denies the allegations set forth in the first sentence of paragraph 13 of the Complaint as they are conclusions of law of which no answer is required. Defendant Hospital Klean neither admits nor denies the allegations set forth in the second sentence of paragraph 13 of the Complaint as they are conclusions of law of which no answer is required

14.    Defendant Hospital Klean neither admits nor denies the allegations set forth in the first sentence of paragraph 14 of the Complaint as they are conclusions of law of which no answer is required.

15.    Defendant Hospital Klean denies the allegations set forth in the first sentence of paragraph 15.

16.    Defendant Hospital Klean denies the allegations set forth in the first sentence of paragraph 16.

17.    Defendant Hospital Klean denies the allegations set forth in the first sentence of paragraph 17.

18.    Defendant Hospital Klean denies that Plaintiffs are entitled to the relief requested in paragraph 18.

19.    Defendant Hospital Klean hereby denies each and every allegation of Plaintiff's Complaint not hereinafter specifically admitted.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendant Hospital Klean prays this Court that Plaintiff take nothing by its Complaint, that the Court dismiss the Complaint with prejudice, and that the Court award Defendant Hospital Klean costs, attorneys' fees, and such other and further relief as this Court may deem just and proper.

Dated: August 29, 2008

        Respectfully Submitted,

        George R. Clark
        Attorney-at-Law
        910 17th Street, N.W. Suite 800
        Washington, D.C. 20006
        202-331-3200
        202-331-2100 (fax)
        grclark@georgerclark.com

        By:    /s/ George R. Clark
                  George R. Clark
                  DC Bar Number: 179747

        BAILEY & BAILEY, P.C.
        The Milam Building, Suite 711
        115 East Travis Street
        San Antonio, Texas 78205-1611
        Telephone: (210) 225-7747
        Facsimile: (210) 225-8246
        jbailey@baileylaw.biz

        By:    /s/ Johnathan M. Bailey
                  Johnathan M. Bailey
                  SBN: 24000008

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2008, I electronically transmitted the foregoing Original Answer of Defendants Hospital Klean of Texas, Inc., to the Clerk of Court using the ECF system for filing. Based on the records currently on file, Clerk of Court will transmit Notice of Electronic Filing to the following ECF registrants:

> James S. Ray, Esq
> Law Office of James S. Ray
> 706 Duke Street
> Alexandria, Virginia 22314
> Telephone: (703)836-8111
> Facsimile: (703) 836-1888
> jrayraylaw@aol.com

/s/ George R. Clark
George R. Clark